IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHELLY L. BRYANT )
)
      Plaintiff, ) 10-1272
)
  v. )
)
STATE OF PENNSYLVANIA
(ALLEGHENY COUNTY FAMILY
DIVISION)

      Defendant.

**MEMORANDUM ORDER**

In this civil action, Plaintiff avers that the Allegheny County Family Division improperly opened an active child support case against him without proof of paternity, and otherwise improperly dealt with the custody and parental rights regarding the child involved, and also improperly provided benefits to a woman, apparently the mother of the child involved. Defendant has filed a Motion to Dismiss the Complaint on various grounds. The case caption indicates that the Defendant is "State of Pennsylvania (Allegheny County Family Division)," and the Commonwealth of Pennsylvania was served with the Complaint.[1] Before the Court is Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

---

[1] Allegheny County Family Division was not served with the Complaint. From the caption and allegations of the Complaint, however, as well as his response to Defendant's Motion, it appears that Plaintiff intended also to assert a claim against a county- or court-related entity or individual. While I certainly make no finding regarding parties not presently before the Court, I take note that "all courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies." Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000); see also Todaro v. Richman, No. 5-274, 2005 U.S. Dist. LEXIS 35920, at **6-7

1

The standard of review is the same for a motion to dismiss under Rule 12(b)(1) and (6). Easley v. New Century Mortg. Corp., 394 Fed. Appx. 946, 947 (3d Cir. 2010). Moreover, pro se submissions are to be liberally construed. In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). A claim is plausible on its face, and not subject to dismissal, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, U.S. , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While "[t]he plausibility standard is not akin to a 'probability requirement' … it asks for more than a sheer possibility…." Id. at 949. A motion to dismiss will be granted if the plaintiff has not articulated facts sufficient to "raise a right to relief above the speculative level." Bangura v. City of Philadelphia, 338 Fed. Appx. 261 (3d Cir. 2009) (citing Twombly, 127 S. Ct. at 1965).

As a threshold matter, the Commonwealth contends that it is immune from suit in federal court, and that no potential exceptions apply. I agree. "[I]t is clear that the States possess immunity from suit in the federal courts, also known as Eleventh Amendment immunity." Lombardo v. Pennsylvania, 540 F.3d 190, 194-195 (3d Cir. 2008). As pleaded, Plaintiff's Complaint does not implicate any exception to that immunity. See, e.g., MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania, 271 F.3d 491 (3d Cir. 2001) (discussing exceptions). Accordingly, the Commonwealth of Pennsylvania is entitled to dismissal of this action.

---

(W.D. Pa. Aug. 25, 2005) (discussing immunity with reference to Allegheny County Court of Common Pleas Family division).

The Complaint is dismissed. Plaintiff may file an amended pleading, in order to identify proper defendant(s) to this action and otherwise attempt to state a claim for which relief may be granted, within twenty (20) days from the date of this Order.[2]

AND NOW, this 6th day of April, 2011, it is so ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[2] I permit Plaintiff an opportunity to amend his Complaint, both because he is acting pro se and because Defendant does not contend that amendment would be futile.