# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHELLY L. BRYANT,  )
  )
    Plaintiff,  )
  ) No. 10-1272
    v.  )
  )
ALLEGHENY COUNTY DOMESTIC
RELATIONS SECTION, et al.,

    Defendants.

## OPINION AND ORDER

### SYNOPSIS

In this civil action, Plaintiff initially filed a <u>pro se</u>, <u>in forma pauperis</u> Complaint against the Commonwealth of Pennsylvania, which I dismissed on immunity grounds. Plaintiff was provided the opportunity to amend his pleading. Plaintiff then filed an Amended Complaint, against moving Defendant, the Allegheny County Court of Common Pleas - Family Division (according to Defendant, misnamed in the caption as the "Allegheny County Domestic Relations Section," and hereinafter referred to as "Family Division"), the Pennsylvania Department of Public Welfare, and a collective group of "John Does." Plaintiff brings several claims for constitutional violations, pursuant to 42 U.S.C. § 1983, a claim for for violation of the 21 U.S.C. § 862,[1] a criminal penalty statute that addresses federal benefits to drug traffickers and possessors, claims under several criminal statutes, and state law claims for negligence and emotional distress. The Family Division has moved to dismiss Plaintiff's claims against it,

---

[1] 21 U.S.C. § 862 is a criminal penalty statute. Plaintiff's Complaint avers that Defendant Department of Public Works provided a non-party drug trafficker with cash assistance, in violation of the statute.

1

pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the following reason, the Motion will be granted.

## OPINION

### I. APPLICABLE STANDARDS

To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. Plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of his cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Pro se filings are to be liberally construed. Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007).

Pursuant to 28 U.S.C. § 1915, it is appropriate to sua sponte dismiss an in forma pauperis action that fails to state a claim on which relief may be granted. Before dismissing such an action for failure to state a claim, however, the district court must afford an opportunity to amend the complaint. Caldwell v. Egg Harbor Police Dep't, 362 Fed. Appx. 250, 252 (3d Cir. N.J. 2010)

### II. FAMILY DIVISION

Absent waiver or consent, "[s]tate governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment. … Pennsylvania's judicial districts are

arms of the state entitled to Eleventh Amendment immunity." Haybarger v. Lawrence County, 551 F. 3d 193, 195 (3d Cir. 2008). Accordingly, a claim against the Allegheny County Court of Common Pleas Family Division is barred by the Eleventh Amendment. Todaro v. Richman, No. 5-274, 2005 U.S. Dist. LEXIS 35920, at **7-8 (W.D. Pa. 2005). To the extent that Plaintiff insists that he intended to name the Domestic Relations Section as Defendant, in Pennsylvania, "a county domestic relations section is merely a part of the court of common pleas for that county," and is also entitled to immunity. See, e.g., Haybarger, 551 F. 3d at 201; Van Tassel v. Lawrence County Dom. Relat. Sec., 659 F. Supp. 2d 672, 695 (W.D. Pa. 2009). The Eleventh Amendment applies to Plaintiff's Constitutional claims as well as his state tort claims, none of which are subject to exceptions to sovereign immunity. See, e.g., 42 Pa.C.S. § 8522; Freeman v. Miller, 10-1545, 2011 U.S. Dist. LEXIS 112392 (M.D. Pa. Sept. 30, 2011). For these reasons, Plaintiff's claims against the Family Division must be dismissed.

**III. DEPARMENT OF PUBLIC WELFARE**

Pursuant to my authority under 28 U.S.C. § 1915(e)(2)(B), I next address Plaintiff's claim against the Pennsylvania Department of Public Welfare.[2] It is clear that the Pennsylvania Department of Public Welfare is entitled to Eleventh Amendment immunity. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249 (3d Cir. 2010). Additionally, the facts pleaded against the Department of Public Welfare rests solely on the alleged violation of a criminal penalty statute, for which there is no private right of action. I will, therefore, dismiss Plaintiff's claims against the Department of Public Welfare.

**IV. DOE DEFENDANTS**

---

[2] Moreover, a court may raise Eleventh Amendment immunity sua sponte. Nernberg v. City of Pittsburgh, 50 F. Supp. 2d 437, 443 (W.D. Pa. 1999).

The only remaining claims, therefore, are those against the Doe Defendants. I note, initially, that there is no private right of action under the provisions of the criminal code on which Plaintiff relies. See, e.g., Alvarez v. Sandridge, 149 Fed. Appx. 882 (10th Cir. 2005). Further, Plaintiff submits no authority, and I find none, that would permit him to raise a challenge to federal benefits allegedly improperly provided to a third, non-party. Plaintiff argues that Defendant is not entitled to immunity under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), which addresses disability discrimination. There is, however, no such claim at issue in this case. For these reasons, Plaintiff has failed to state a claim pursuant to these Sections. Under applicable standards, Counts 1, 10, and 11 must be dismissed.[3]

Moreover, Plaintiff's claims against the Doe Defendants under Section 1983 fail to meet the requirements of Rule 12(b)(6) and applicable case law. A prima facie case under § 1983 requires a plaintiff to demonstrate that a person deprived him of a federal right; and the person who deprived him of that right acted under color of state or territorial law. Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Plaintiff's Amended Complaint does not plead sufficient facts to glean such basic information as the number of individuals he intends to sue, or the role than any such individual might have played in a particular alleged violation. Overall, there are insufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the Defendants with adequate notice to frame an answer, and there are insufficient facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of Plaintiff's claims. Accordingly, Plaintiff's claims against the Doe Defendants must be dismissed.

---

[3] Although I discuss this aspect of the Amended Complaint in connection with the Doe Defendants, the dismissal of Plaintiff's claims under the criminal code relates to all parties.

## CONCLUSION

In sum, Plaintiff's Amended Complaint will be dismissed in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and 28 U.S.C. § 1915(e)(2)(B).[4] Plaintiff shall be afforded a single opportunity to file a second amended complaint, in order to state a claim on which relief may be granted, and over which this Court may exercise jurisdiction.

## ORDER

AND NOW, this 3rd day of November, 2011, for the foregoing reasons, Defendant's Motion to Dismiss [Docket No. 20] is GRANTED. Moreover, Plaintiff's Amended Complaint against the Pennsylvania Department of Public Welfare and the Doe Defendants is dismissed. Plaintiff will be afforded a single additional opportunity to amend his complaint, and may do so by December 1, 2011.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[4] Although I need not fully address the remaining grounds raised in Defendant's Motion, I note that the Rooker-Feldman doctrine precludes me from addressing certain claims related to the state court orders entered in this matter. That doctrine, generally speaking, deprives me of jurisdiction to address claims that the state court judgments violated Plaintiff's federal rights. Turetsky v. Turetsky, 402 Fed. Appx. 671(3d Cir. 2010). I draw Plaintiff's attention to these jurisdictional restrictions, should he choose to file a second amended complaint.