## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLY L. BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 10-1272 |
| v. | ) |
| | ) |
| MARC CHERNA, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff, acting pro se, has filed a Motion for Injunctive Relief and Motion for Joinder of Parties.[1]

Plaintiff seeks to add the Department of Public Welfare, the Domestic Relations Section, and John Does to this lawsuit. By Order dated April 6, 2011, I found that the Commonwealth, including its agencies, are immune from suit. Thus, I dismissed the Defendant identified as "Commonwealth of Pennsylvania (Allegheny County Family Division)" from this litigation. By Order dated November 3, 2011, I noted that in Pennsylvania, a Domestic Relations Section is part of the court of common pleas for that county, and is entitled to immunity; likewise, I found that the Pennsylvania Department of Public Welfare is also immune from suit. Bryant v. Allegheny County Domestic Rels. Section, 10-1272, 2011 U.S. Dist. LEXIS 127059 (W.D. Pa. Nov. 3, 2011). Moreover, in that same Order, I dismissed Plaintiff's claims against the Doe Defendants pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has offered no grounds for reconsideration of my prior Orders, or for otherwise joining the enumerated entities and persons as Defendants.  Therefore, his Motion to join has been denied.

---

[1] Defendant's Motion to Dismiss, also pending, will be dealt with separately.

Plaintiff also seeks injunctive relief, but the nature of the relief, and the authority pursuant to which it is sought, are unclear. As I have previously suggested, there is no private right of action for honest services fraud, which falls within the federal criminal code. While a private right of action may lie under the 42 U.S.C. § 601, such a claim must rest on intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 121 S. Ct. 1511, 149 L. Ed. 2d 517, 524 (2001). Here, Plaintiff's Motion does not invoke discrimination. Instead, it centers, for example, on allegations that potential Defendants acted without personal or subject matter jurisdiction.[2] Further, Plaintiff invokes the Full Faith and Credit Clause to the Constitution. Plaintiff cannot bring a full faith and credit claim against agencies or individuals, as that provision addresses how courts or other fora deal with the judgments entered by another. In sum, Plaintiff has not stated any grounds for injunctive relief, or for joinder pursuant to Fed. R. Civ. P. 19.

AND NOW, this 16th day of October, 2012, it is hereby ordered, adjudged, and decreed that Plaintiff's Motions [43] are DENIED.

BY THE COURT:

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[2] Plaintiff contends that a Judge acting without jurisdiction loses her immunity. However, no judicial officer is named in Plaintiff's papers.