# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHELLY L. BRYANT,  )
                                    )
    Plaintiff,               )
                                    )  10-1272
    v.                        )
                                    )
MARC CHERNA, et al.  )
                                    )
    Defendants.        )

# OPINION AND ORDER

## SYNOPSIS

In this civil action, Plaintiff seeks to assert claims grounded in the allegedly improper handling of issues surrounding child support, custody, and parental rights, as well as the provision of government funds to a third-party, apparently the mother of the child involved. In particular, Plaintiff asserts that paternity and support determinations were made without notice or his participation, and without personal or subject matter jurisdiction. He claims that Defendant violated 42 U.S.C. § 1983, by violating his rights to due process and equal protection. The initial Complaint, against the Commonwealth of Pennsylvania, was dismissed on immunity grounds; the second, against the Allegheny County Domestic Relations Section and Doe Defendants, was dismissed on the same grounds, as well as failure to state a claim against the Doe Defendants. At that time, I afforded Plaintiff a single additional opportunity to amend his Complaint. He then filed a Second Amended Complaint against the Director of Allegheny County Human Services. He has also filed several Motions for Injunctive Relief, each of which has been denied.

Presently, Defendant has filed a Motion to Dismiss the Second Amended Complaint on various grounds, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the following reasons, the Motion will be granted.

**OPINION**

**I. APPLICABLE STANDARDS**

To survive dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. <u>Colburn v. Upper Darby Twp.</u>, 838 F. 2d 66, 666 (3d Cir. 1988). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." <u>Id.</u> Plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of his cause of action. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008). <u>Pro se</u> filings are to be liberally construed. <u>Hartmann v. Carroll</u>, 492 F.3d 478, 482 n.8 (3d Cir. 2007). A facial attack on jurisdiction pursuant to Rule 12(b)(1), such as the one at issue here, is treated similarly to a Rule 12(b)(6) motion. <u>Phillips v. James</u>, No. 9-1474, 2010 U.S. Dist. LEXIS 67950, at *10 (W.D. Pa. July 8, 2010).

I have carefully considered Plaintiff's submissions, in their entirety, according to these standards.

## II. DEFENDANT'S MOTION

Defendant first asserts that the Department of Human Services is entitled to Eleventh Amendment Immunity. Plaintiff claims that the Defendant is supervised by the Commonwealth Department of Public Welfare, Office of Children, Youth, and Families, which "contracts out" to the Defendant. As Plaintiff's averments suggest, Pennsylvania's domestic relations agencies, including those involving children and youth services, are defined by statute as arms of the state court and state government institutions. Wattie-Bey v. AG Office, 424 Fed. Appx. 95, 98 n.2 (3d Cir. 2011).

Indeed, Plaintiff does not dispute Defendant's immunity; instead, he contends that he may sue pursuant to Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), which permits suit against individual officers for prospective relief to end an ongoing violation of federal law. In determining whether the requested relief falls within the exception, a court must "look to the substance rather than the form of the relief sought." Papasan v. Allain, 478 U.S. 265, 278, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). That exception, however, is inapplicable to the facts here. In the first instance, to the extent that Plaintiff seeks prospective relief, "the Ex Parte Young doctrine does not apply when a suit is ultimately asking a federal court to direct a state official on how to operate under state law." Price El v. Superior Court of N.J., No. 11-2213, 2012 U.S. Dist. LEXIS 3682 (D.N.J. Jan. 12, 2012). Moreover, Defendant's alleged personal involvement is that he implemented the policy that requires establishment of paternity prior to opening a child support case. Plaintiff challenges the manner in which paternity was established, but that is not an "ongoing violation" of federal law, as contemplated by Ex parte Young. Likewise, to the extent Plaintiff seeks the return of IRS funds, such relief does not fall within the exception.

Moreover, as Plaintiff's claims have come into greater focus via his Second Amended Complaint, it has become apparent that the case case directly implicates the Rooker-Feldman doctrine. For the doctrine to apply, "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3rd Cir. 2010). I am barred from conducting "a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." Id. at 169 (quoting Bolden v. City of Topeka, 441 F.3d 1129, 1143 (10th Cir. 2006)). Otherwise stated:

> The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." "A federal claim is inextricably intertwined with a prior state adjudication if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it . . . .'" …The Rooker-Feldman doctrine applies if, in order to grant the plaintiff the relief sought, the federal district court must determine that the state court's decision is wrong or such relief would void the state court's ruling.

IBN Tajshan Butts v. Superior Court Family Div., No. 9-5304, 2010 U.S. Dist. LEXIS 36138, at **7-8 (D.N.J. Apr. 13, 2010).[1]

Here, with respect to Plaintiff's allegations about defects in the state court procedures relating to the paternity and support determinations, it is apparent that this matter fulfills the criteria for the Rooker-Feldman bar. The alleged injuries stem directly from state court

---

[1] Defendant also asserts the domestic relations exception to federal jurisdiction. This exception divests federal courts of jurisdiction over cases "involving the issuance of a divorce, alimony, or child custody decree." Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 245 (3d Cir. 2008). Our Court of Appeals has stated, however, that as a jurisdictional bar, the domestic relations exception does not apply to cases arising under the Constitution or federal law. McLaughlin v. Pernsley, 876 F.2d 308, 312 (3d Cir. 1989). Further, because I dispose of the matter on other grounds, I need not reach Defendant's statute of limitations argument.

judgments, which were entered against Plaintiff. Any finding in Plaintiff's favor would invalidate the state court's decisions – he is complaining "of an injury caused by the state judgment and seeking its reversal." Great Western, 615 F. 3d at 167. Moreover, based on the alleged defects in those determinations, he seeks to have this Court dismiss adjudications regarding child support arrearages and garnishments, which were ordered by a state court. Rooker-Feldman bars me from entertaining any challenge to a state court order regarding support obligations or paternity. See, e.g., Kliesh v. Bucks Cnty. Dom. Rel., No. 04-4714, 2005 U.S. App. LEXIS 23445, *2 (3d Cir. Oct. 27, 2005) (support); More v. Child Support Recovery, 383 Fed. Appx. 574, 575 (8th Cir. 2010) (paternity).

In addition, Plaintiff's claims raise abstention concerns. For example, Younger abstention is appropriate when there are ongoing proceedings in state court, "including some domestic relations disputes." Dixon v. Kuhn, 257 Fed. Appx. 553, 554 (3d Cir. 2007). As our Court of Appeals has stated,

> [A] party subject to a child support order "is a party to an open case that will not terminate until the child support order is finally discharged." Thus, "[f]or purposes of Younger, such a comprehensive and fluid system designed to address the ever-present and ever-changing realities of child support orders must be viewed as a whole, rather than as individual, discrete hearings." The state proceedings are, beyond a doubt, "ongoing."

Id. (citations omitted).

Indeed, Plaintiff asserts that the constitutional violations – of handling and modifying child support issues without proper jurisdiction over Plaintiff – continue, in this respect, to the present day.

The remainder of Plaintiff's Second Amended Complaint is likewise beyond my reach, for other reasons. His claims regarding the payment of state funds to a third party, who is not a party to this action, are not impacted by the Rooker-Feldman analysis, but I cannot entertain that

claim nonetheless.  I see no possible grounds for finding that Plaintiff has standing to challenge those payments, as he did not suffer direct injury-in-fact as a result of the payments.  See Agostino v. Quest Diagnostics, Inc., No.  No. 4-4362, 2010 U.S. Dist. LEXIS 67234, at *7-8 (D.N.J. July 7, 2010) (explaining standing requirements).  To the extent that Plaintiff takes issue with events that occurred in courts in other states, those events are beyond my jurisdictional scope.  In addition, there is no private right of action for violation of the Full Faith and Credit Act and the federal benefits and criminal laws to which Plaintiff cites.  See, e.g., Williams v. Clark County, No. 9-810, 2010 U.S. Dist. LEXIS 115008 (D. Nev. Oct. 26, 2010).  With respect to the Doe Defendants, the Second Amended Complaint suffers from the same infirmities enumerated with respect to his earlier complaint against such Defendants.  Therefore, even construing Plaintiff's pleading according to liberal standards applicable to pro se litigants, he has stated no grounds upon which relief can be granted.

## CONCLUSION

I do not opine as to whether Plaintiff is able to pursue redress elsewhere, through legal or other avenues; it is clear, however, that he has thrice failed to state grounds for doing so in this Court.  For all of the foregoing reasons, Plaintiff's Second Amended Complaint must be dismissed, without prejudice to Plaintiff to seek relief in a suitable forum, against a suitable party.  An appropriate Order follows.

# ORDER

AND NOW, this _3rd_ day of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss [38] is GRANTED, without prejudice to Plaintiff to seek redress in a different forum.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose, Senior Judge

U.S. District Court